In the Matter of the Application of ALEXANDER B. LARKIN, Respondent, for a Writ of Mandamus.

JAMES PALMER et al., Appellants.

TOWN MEETING LOCAL ELECTIONS — WHEN GOVERNED BY ELECTION LAW. Local elections at town meetings, not held at the same time as a general election, are governed by the Town Law (L. 1890, ch. 569), and the Election Law (L. 1896, ch. 909) is not applicable to such elections except where it has been made so by amendment of the Town Law.

*Matter of Larkin*, 46 App. Div. 366, reversed.

(Argued April 16, 1900; decided June 5, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 15, 1899, reversing an order of Special Term dismissing an alternative, and denying an application for a peremptory writ of mandamus, and granting a peremptory writ of mandamus directing the board of inspectors of the regular town meeting of the town of Richmondville, Schoharie county,

to reassemble at the place where the town meeting was held and publicly to recount, for the office of supervisor, all the ballots cast at the town meeting held on the 21st day of February, 1899, in accordance with the requirements of the statute.

The facts, so far as material, are stated in the opinion.

*George M. Palmer* for appellants. The statute, with reference to the conduct of elections, and the canvass of votes at general elections, does not. apply to town meetings, but there is a separate and distinct statute regulating the conduct of town meetings and the method of canvassing votes thereat, which applies to towns in counties where town meetings are not held at the same time and place of holding the general election, and where the votes for town offices are not cast in the separate election districts of a town. (L. 1890, ch. 569, § 39; L. 1897, ch. 481; L. 1899, ch. 168, § 37.) Town meetings in this state have always been conducted under a separate statute for holding and conducting the same. (*Matter of D. & H. C. Co.*, 69 N. Y. 209; *Coxe* v. *State*, 144 N. Y. 411; *Woods* v. *Bd. of Suprs.*, 136 N. Y. 403; *Van Denburgh* v. *Vil. of Greenbush*, 66 N. Y. 1; *Matter of Dobson*, 146 N. Y. 357; *McKenna* v. *Edmundstone*, 91 N. Y. 231.)

*L. W. Baxter* for respondent.

BARTLETT, J. This contest arises over the election of a supervisor at the town meeting held in the town of Richmondville, Schoharie county, on the 21st day of February, 1899. Alexander B. Larkin was the Republican candidate and Harlin P. Ives the Democratic candidate.

The whole number of votes cast was 529; of the straight ballots voted Larkin received 119 and Ives 113; the number of split ballots was 297, of which 43 were rejected as defective and void.

The result of the canvass of votes was the election of Ives by a majority of 10. Thereupon Larkin, the opposing candidate, sued out an alternative writ of mandamus requiring the

inspectors of election to reassemble and recount the vote of
supervisor.   On the return of this writ to the Special Term it
was dismissed, upon the ground, appearing on the face of the
order, that the facts upon which it was based, and which were
recited therein, were insufficient to warrant the issuing thereof.
This order was reversed by the Appellate Division, and a
peremptory writ of mandamus was issued requiring the board
of inspectors to reconvene and recount the vote for supervisor.

The position of relator is that the inspectors of election
failed to canvass the votes as required by section 110, subdi-
vision 3 of the Election Law ; that consequently he is entitled
to the writ of mandamus under section 114 of the Election
Law, which provides for a judicial investigation of ballots
after the original canvass, a part of which proceeding is a
recount under an order of the court.

A point is raised on this appeal, which was not called to the
attention of the court below, to the effect that the Election
Law of the state does not apply to town meetings; that these
local elections are governed wholly by the provisions of the
Town Law, except where certain provisions of the General
Election Law have been made applicable by amendment of
the Town Law.

The following provisions of the Town Law seem to be con-
clusive on this point : Section 36 provides for the form of the
ballot and the manner of folding, etc.

Section 37 provides for the canvass of the vote and reads as
follows : " Sec. 37. Canvass of Votes. At the close of the
polls at any town meeting, the canvassers shall proceed to can-
vass the votes publicly at the place where the meeting was
held.   Before the ballots are opened they shall be counted
and compared with the poll list, and the like proceedings shall
be had as to ballots folded together, and difference in number
as are prescribed in the general election law.   The result of
the canvass shall be read by the clerk to the persons there
assembled, which shall be notice of the election to all voters
upon the poll list.   The clerk shall also enter the result at
length in the minutes of the proceedings of the meeting kept

by him, and shall, within ten days thereafter, transmit to any person elected to a town office, whose name is not on the poll list as a voter, a notice of his election."

There are two additional provisions of the Town Law which have no application to the case at bar further than to sustain the contention that a town meeting is conducted under the provisions of this law.

Section 37, just quoted, was amended in 1899 (Ch. 168), a few weeks after this town meeting was held, and as amended reads as follows : " Sec. 37.   Canvass of Votes.   At the close of the polls at any town meeting, the canvassers shall proceed to canvass the votes publicly at the place where the meeting was held.   Before the ballots are opened they shall be counted and compared with the poll list, and the like proceedings shall be had as to ballots folded together, and difference in number as are prescribed in the General Election Law.   The void and protested ballots, and the voted ballots other than void and protested, shall be preserved and disposed of by the inspectors in the manner provided by section one hundred and eleven of the election law.   The result of the canvass shall be read by the clerk to the persons there assembled, which shall be notice of the election to all voters upon the poll list.   The clerk shall also enter the result at length in the minutes of the proceedings of the meeting kept by him, and shall, within ten days thereafter, transmit to any person elected to a town office, whose name is not on the poll list as a voter, a notice of his election."

The amendment is inserted about the middle of the section, and reads as follows : " The void and protested ballots, and the voted ballots other than void and protested, shall be preserved and disposed of by the inspectors in the manner provided by section one hundred and eleven of the Election Law."

This amendment is a practical construction by the legislature of the two laws as they then stood, and it is evident that until this amendment was passed there was no provision requiring the ballots used at a town meeting to be preserved after the canvass was completed.

Section 42 of the Town Law, as amended by the Laws of 1898 (Chap. 363), provides that if, in any town, the biennial town meeting is held at the same time as the general election, the canvass of the votes shall be conducted in the same manner as the votes for other candidates cast at the general election.

This provision shows very clearly that the Election Law is not generally applicable to town meetings.

The opinion of the learned Appellate Division proceeds upon the assumption that the Election Law applies to the town meeting in question, a mistake that was most natural, as counsel failed to call the attention of the court to the provisions of the Town Law.

The order of the Appellate Division should be reversed, and the order of the Special Term dismissing the alternative writ of mandamus and denying the peremptory writ should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT and MARTIN, JJ., concur; VANN, J., absent; LANDON, J., not sitting.

Order reversed, etc.