defendant made no effort to call them, and was either then satisfied of the fact of this deposit, or else was negligent in its preparation for trial.

The denial of such an application has abundant support. An absconding banker may not yield to temptation on the instant. Accounts and receipts of his office might be left to conceal, rather than to record truly, his obligations. Hence evidence, based on the absence of records, or as to the serial number of his receipts, has not even that negative value which would always be weak as against the depositor's direct proof of having handed in the money over the counter.

As a matter of discretion, where the costs already are out of proportion to the recovery, a new trial should not be had, where it would recall plaintiff from Italy to give his testimony again. Indeed, if the present judgment be vacated, a new recovery might not restore the rights of the plaintiff, as proceedings may give such creditors against this banker but a pro rata proportionate satisfaction out of the security which defendant furnished. Finally, upon the showing by the moving affidavits, a trial before another jury would almost surely lead to the same result.

The order, therefore, should be affirmed, with $10 costs and disbursements. All concur.

---

(163 App. Div. 191)

### In re TOWN OF ONONDAGA.

(Supreme Court, Appellate Division, Fourth Department. May 13, 1914.)

INTOXICATING LIQUORS (§ 33*)—LOCAL OPTION ELECTIONS—NOTICES.

    Liquor Tax Law (Consol. Laws, c. 34) § 13, requires the town clerks, at least ten days before the holding of a local option election, to cause election notices to be printed and posted. Laws 1908, c. 492, provided for a commissioner of elections in the county of Onondaga, and section 4 declared that the commissioner should perform all duties imposed upon the officers of the county and its political subdivisions as to general, special, or primary elections and the submission of questions or propositions within the county or its subdivisions. By Laws 1909, c. 22 (Consol. Laws, c. 17), this statute was brought into the Election Law becoming section 253. The Election Law by Laws 1911, c. 649, was amended so as to create for each county in the state a board of elections, charged with the duty of executing all the laws relating to elections held within the several counties. *Held* that, where questions of local option were submitted to the electors of the town of Onondaga at an election in 1913, the preliminary notices were properly given by the board of elections and not the town clerk.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 40, 41; Dec. Dig. § 33.*]

Appeal from Special Term, Onondaga County.

In the matter of the application for resubmission to the town of Onondaga of the questions of local option. From an order denying petitioners' application, they appeal. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George W. O'Brien, of Syracuse, for appellants.

Higbee, Lay & Malpass, of Syracuse (Frank P. Malpass, of Syracuse, of counsel), for respondent Girard M. Parce, intervening taxpayer.

William H. Riley, of Binghamton, for Wm. W. Farley, State Excise Com'r.

FOOTE, J. At the general election held on November 4, 1913, the four excise questions specified in section 13 of the Liquor Tax Law were submitted to the electors of the town of Onondaga, and the vote upon each was adverse to the sale of intoxicating liquors in that town. The petitioners herein moved at Special Term on March 7, 1914, for an order to resubmit said four excise questions to the voters of said town, on the ground that the questions had not been properly submitted at the general election because the preliminary notice required by said section 13 of the Liquor Tax Law had not been posted and published by· the town clerk as required by that section. It appeared that these notices had in fact been posted and published by the board of elections of Onondaga county or under its direction.

The principal question presented at the Special Term and here is whether the duty to post and publish these notices rests upon the town clerk or upon the board of elections. There is no doubt that prior to 1908 the town clerk of the towns in Onondaga county was charged with the duty of giving these notices. The statute (section 13 of the Liquor Tax Law) at that time in express terms required the town clerk to give these notices as follows:

"The town clerk shall also, at least ten days before the holding of such town meeting or general election, cause to be printed and posted in at least four public places in such town, a notice of the fact that all of the local option questions provided for herein will be voted on at such town meeting or general· election; and the said notice shall also be published, at least five days before the vote is to be taken, once, in one newspaper published in the county in which such town is situate, which shall be a newspaper published in the town, if there be one." Liquor Tax Law (chapter 34 of the Consolidated Laws) § 13.

It is contended, and we think rightly, that as to the towns in Onondaga county the duty of giving these notices has been taken away from the town clerks by subsequent legislation and is now vested ·in the board of elections.

By chapter 492 of the Laws of 1908, entitled "An act to provide for a commissioner of elections in and for the county of Onondaga," it was provided that the board of supervisors of that county should appoint a commissioner of elections. The powers and duties of this commissioner were defined in section 4 as follows:

"Sec. 4. The commissioner shall have and exercise all of the jurisdiction, power and authority conferred and be subject to all of the duties and obligations imposed by statute upon all officers of the county and its political subdivisions with respect to general, special and primary elections and submission of questions or propositions held within such county and its political subdivisions, other than in villages and school districts, except the appointment, powers and duties of inspectors of election, poll clerks and ballot clerks. The commissioner shall be the custodian of primary records for said county and the secretary of the county board of canvassers."

The other sections of the act show a legislative intent to vest in this commissioner generally all powers and functions relating to elections in that county formerly vested in other officers, and by section 13 all acts and parts of acts, so far as inconsistent, are repealed.

By chapter 22 of the Laws of 1909 (Consol. Laws, c. 17) this act, creating the commissioner of elections of Onondaga county, was brought into the Election Law, and the section defining the powers and duties of the commissioner for Onondaga county then became section 253 of the Election Law, without change. Thus the powers and duties previously conferred by the Liquor Tax Law upon the town clerk in respect of giving notices preliminary to the submission of the excise questions in the county of Onondaga were clearly transferred to and became vested in the commissioner of elections.

By chapter 649 of the Laws of 1911 the Election Law was amended so as to create for each county in the state a board of elections. Prior to that time, the office of commissioner of elections existed in only a few of the large counties, so that the provisions of the Liquor Tax Law, requiring the town clerk to give notices, were operative in all the counties of the state, at least where there was no commissioner of elections. By this act of 1911, section 190 of the Election Law was amended to provide that the board of election in each county is "charged with the duty of executing the laws relating to all elections held within their respective cities or counties, except as otherwise provided by law"; and by section 202 said board of elections was made custodian of the primary records for each political subdivision for which the board was appointed. By section 205 it was provided that all notices of election to which the chapter applies, and which are required by law to be published or posted in any county or political subdivision thereof, should be so published or posted by the board of elections; and by section 206 it was, among other things, provided that:

"The said board of elections in any such county shall be charged with the duty of performing each, every and all of the duties which now devolve upon the county clerk or commissioner of elections of said county, relating to elections, excepting that the county clerk of each county shall continue to be the secretary of the board of county canvassers."

Thus all the duties which before rested upon the commissioner of elections of Onondaga county were thereby transferred to the new board of elections created in 1911, and, in our opinion, the notices required by the Liquor Tax Law to be published and posted as a preliminary to submitting to the voters of the town in Onondaga county the four excise questions were properly and lawfully so published and posted by the commissioners of elections constituting the board of elections of Onondaga county, and that no such power or duty remained with the town clerk.

We are also of opinion that there was a substantial compliance with the requirements of the statute in the form of the notices as posted and published.

The order appealed from should be affirmed, with costs. All concur.