This testimony was a necessary part of the plaintiff's case, in order to establish the sale. It shows that the original sale to Mr. Benzaria by the plaintiff was necessarily made dependent upon the defendants' accepting the notes of the purchaser, and they accepted those notes only provided they bore the indorsement of Mr. Labe. It further appears undisputed that Mr. Labe refused to indorse any note of Benzaria, unless the defendants would give Benzaria an additional 10 per cent. discount. The defendants agreed to this, and Benzaria made his note, indorsed by Labe, for the sum of $867.10. This was the only amount received by the defendants, and the plaintiff can claim compensation only on the theory that he was the procuring cause of the sale as actually made, and is entitled to commissions only upon that sale. Although the plaintiff denies that he was interested in any transaction had with Labe, or any discount made to him, that claim should have been rejected by the trial court, because the plaintiff became entitled to commissions only when the defendants actually agreed upon the terms of the sale to Benzaria.

Judgment modified, by reducing the same to the sum of $228.49 and appropriate costs in the court below, and, as thus modified, affirmed, without costs to either party.

WEEKS, J., concurs.

DELEHANTY, J. I dissent from any modification of the judgment. I think it should be affirmed as a whole.

---

## In re TOWN OF WAYLAND.

(Supreme Court, Special Term, Steuben County. March 11, 1916.)

INTOXICATING LIQUORS ☞29—LOCAL OPTION—CONDUCT OF ELECTION.

Liquor Tax Law (Consol. Laws, c. 34) § 13, provides for the settlement of local option questions in towns at town meetings under the direction of the town clerk. Election Law (Consol. Laws, c. 17) §§ 190, 341, provide for commissioners of election, who shall have charge of elections in their respective counties, except as otherwise provided by law. Four local option questions were submitted to the town of Wayland at the town meeting held at the same time as the general election in November, 1915. All provisions of the law were complied with, but the questions were submitted under the direction of the election commissioners of Steuben county, instead of under the direction of the town clerk. *Held*, that there was a substantial compliance with the statute, and, as it was a general election, the election commissioners acted properly in taking charge.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 37; Dec. Dig. ☞29.]

Application for resubmission to the electors of the Town of Wayland of questions of local option. Application denied.

McGreevy & Beckler, of Wayland, for the application.
Leslie W. Wellington, of Corning, opposed.

CLARK, J. At the general election held in November, 1915, four local option questions were submitted to the electors of the town of Wayland, under section 13 of the Liquor Tax Law, and the town voted dry—that is, against the propositions to authorize the sale of liquors in said town. The petitioners ask for a resubmission of the said questions at a special town meeting, claiming that they were improperly submitted at the last general election.

The papers submitted show that after a petition had been filed, asking that the local option questions be submitted to the voters at the general election in November, 1915, notices that such propositions would be submitted, signed by the election commissioners of Steuben county, were posted by the town clerk, as required by law, and notice thereof was published in a newspaper published in the village and town of Wayland, and ballots furnished by the election commissioners were voted, and all necessary blanks for canvassing the votes were furnished by the election commissioners.

As I understand it, no claim is made but that due notice that these propositions would be submitted to the electors was given, both by posting and publishing, and that proper ballots were furnished and voted, and the only reason assigned for asking that the matter be resubmitted is that it is claimed that the local option propositions were submitted under the direction of the election commissioners of Steuben county, instead of under the direction of the town clerk; the petitioners claiming that that duty devolved upon the town clerk, instead of the election commissioners.

Town meetings in Wayland are held at the same time that general elections are held, and no question is raised but that the election was fair and honest, that no deceit or fraud was practiced, and it appears that the wishes of the electors of the town of Wayland as to the selling of liquors in said town were honestly ascertained and recorded, and the only ground assigned for a resubmission of the propositions is that the election held in November was held under the direction of the wrong parties.

In view of the fact that the election at which these propositions were submitted was a general election, I think the contention of the petitioners is without merit, and that the election commissioners properly took charge of the matter, and so long as the statute was substantially complied with, and no fraud or deceit was practiced in the matter, and the wishes of the electors were honestly ascertained, the result of the vote should not be disturbed, but should be upheld.

If town meetings in Wayland were held at a time other than when general elections are held, the question would be a very different one; but, these propositions having been submitted at an election held in connection with the general election, the election commissioners acted properly in taking charge of the submission of these questions, as well as all other matters submitted to the voters at said election. Election Law, §§ 190, 341; Matter of Town of Onondaga, 163 App. Div. 191, 148 N. Y. Supp. 36; Matter of Town of Bath (Sup.) 157 N. Y. Supp. 205; Matter of Larkin, 163 N. Y. 201, 57 N. E. 404.

This application must therefore be denied, and an order may be entered accordingly.