Matter of the Application of WILLIAM H. PETERS for the Resubmission to the Electors of the Town of New Hartford of the Questions of Local Option under the Liquor Tax Law, *v.* HERBERT S. SISSON, as State Commissioner of Excise.

(Supreme Court, Oneida Special Term, February, 1918.)

Election Law — amendments to — duties of town clerk — statutes — when motion for resubmission denied — Liquor Tax Law, § 13.

By certain amendments to the Election Law since the enactment of section 13 of the Liquor Tax Law, the duties of the town clerk in connection with biennial town meetings held at the time of a general election have been transferred to or vested in the county board of elections, which in Oneida county is the county clerk.

Where, as the result of the submission to the electors of a town in said county of the questions specified in section 13 of the Liquor Tax Law, no liquor will be sold in said town after October 1, 1918, except by a pharmacist on a physician's prescription, and it appears that the petition of the electors for such submission was properly made out and the certified copy thereof filed with the county clerk, the notices, correct in form and substance, were duly posted and published, and a full and fair vote was recorded under a proceeding which complied with the terms of the statute, the will of the electors will be upheld, though the notice of such submission was signed, given out, posted and published by the town clerk instead of by the county clerk, and a motion for the resubmission of such questions on the ground that they were not properly or legally submitted will be denied.

MOTION to obtain resubmission of local option questions.

Southworth & Scanlon, for petitioner.

Harry D. Sanders (Porter L. Merriman, of counsel), for defendant.

Supreme Court, ·February, 1918.    [Vol. 102.

Devendorf, J. At the biennial town meeting held with the general election November 6, 1917, the questions specified in section 13 of the Liquor Tax Law were submitted to the electors of the town of New Hartford, Oneida county, N. Y. The vote thereon was as follows: Question No. 1, Yes, 520, No, 633; Question No. 2, Yes, 519, No, 570; Question No. 3, Yes, 591, No, 555; Question No. 4, Yes, 542, No, 611.

If the decision, as expressed by the electors in said figures, remains, no liquor will be sold in the town after October 1, 1918, except by a pharmacist on a physician's prescription. The petitioner (a hotel keeper) alleges that said questions were not properly or legally submitted; that under the statute now in force the notice of such submission should have been signed and given out, posted and published by the county clerk, whereas, the town clerk acted in that respect.

The language of said section 13, which probably misled him, as also the county clerk, is as follows: '' The town clerk shall also, at least ten days before the holding of such town meeting or general election, cause to be printed and posted in at least four public places in such town, a notice of the fact that all of the local option questions provided for herein will be voted on at such town meeting or general election; and the said notice shall also be published, at least five days before the vote is to be taken, once, in one newspaper published in the county in which such town is situate, which shall be a newspaper published in the town, if there be one.'' This still remains, in words and type, in the Liquor Tax Law but since its enactment, by certain amendments to the Election Law, the duties of the town clerks in connection with biennial town meetings held at the time of the general election have been transferred to, or vested in, the county board of· elec-

tions, which in Oneida county is the county clerk. *Matter of Town of Onondaga,* 163 App. Div. 191.

The facts in this controversy are undisputed. The county clerk did not subscribe his name to the notice, or manually cause it to be published or posted, but regardless of that I think, in effect, the law was strictly complied with. In pursuance of statutory provisions, which provide for the submission of such questions to the electors, a petition, executed and acknowledged according to law by upwards of ten per centum of the electors of the town voting at the next preceding general election, was filed, not less than twenty days before such town meeting, with the town clerk, who within five days from such time filed a certified copy thereof with the county clerk. He then continued the proceeding (which, it is alleged, should have been taken up by the county clerk) and caused to be prepared and posted in more than four places in the town, at least ten days before the holding of such town meeting, a notice of the fact that all of the local option questions provided for in said section 13 would be voted on at such election or biennial town meeting. Such notices were properly posted and were headed in large type " Local Option Questions " and gave notice of the election, the questions to be voted on, the polling places in the five election districts and the hours when the polls would open and close. As no newspaper was published in said town of New Hartford, the notices were published in the Utica *Observer* and the Utica *Daily Press,* at least five days before the vote was to be taken.

It is not shown that any votes were gained or lost to either side because the notice was signed by the clerk of the town and not by the clerk of the county. No fraud, deceit or malfeasance is alleged against anybody. It is conceded all the officers acted in good faith.

Evidently the mistake or misunderstanding arose from the apparent crossing of lines or provisions of the Liquor Tax Law and the General Election Law. A large vote was cast on the question, as indicated by the figures above given. The will of the voters was expressed. Every step taken leading to it strictly followed the statute, except the wrong clerk signed the notice, and caused it to be posted and published. It was as timely and far reaching as though signed by the county clerk, or left unsigned, yet, that is the only error complained of by the petitioner.

The statute does not say that the notice shall be subscribed by the county clerk or any one else. Consequently, the town clerk's name may be regarded as surplusage; then, if this reasoning is correct, whoever performed the manual work of posting and publishing is immaterial and the statute was actually complied with, or the act may be deemed performed by the proper official.

I am of the opinion that the omission by the county clerk to have his name affixed to the notice was not jurisdictional. The filing of the petition of the ten per centum of the voters, as above stated, with the town clerk is the act that lies at the foundation of the whole proceeding. Without it an effective vote could never be reached. When that petition is filed action is required of certain officers and the failure of one of them to subscribe his name to a notice, which was otherwise concededly correct and ample in form, posted throughout the town and published as provided by statute, should not be permitted to prevent an expression of the popular mandate or overthrow or thwart the will of the people as expressed.

Therefore, there are two reasons why the vote of the electors should be sustained. (1) The statute may be deemed to have been strictly followed (as dis-

tinguished from mere formal compliance). (2) If the law intended that the county clerk's signature should be affixed to the notice, its omission was not a jurisdictional error and the case falls within the rule that laws enacted in the interest of the public welfare or convenience, for the protection of human life, in regard to the rights of franchise and providing remedies against either public or private wrongs, should be liberally construed with a view to promote the object in the mind of the legislature. On the other hand, statutes in derogation of common rights, or conferring special privileges on individuals or corporations, should be construed strictly against those specially favored.

The requirements of a statute which are mandatory must be strictly construed while those which are directory should receive a liberal construction for the accomplishment of the purpose of the act. As a general rule statutes relating to remedies and procedure are to be construed liberally, with the view to the effective administration of justice. 36 Cyc. 1188. Statutes in regard to the franchise and elections should be construed liberally in favor of the voters. As was stated in *People ex rel. Hirsh* v. *Wood,* 148 N. Y. 146: " The object of election laws is to secure the rights of duly qualified electors, and not to defeat them. Statutory regulations are enacted to secure freedom of choice and to prevent fraud, and not by technical obstructions to make the right of voting insecure and difficult."

I am mindful of the fact that a situation may arise where an official failure to perform a duty demands a resubmission of the questions, especially so, if the petition was suppressed and no notices posted or published within the time prescribed by law, and the voters misled or kept in ignorance of the submission of the questions, but nothing of that sort was claimed here.

The petition of the electors was properly made out and filed, the certified copy thereof filed with the county clerk, the notices, correct in form and substance, were duly posted and published, a full and fair vote was recorded, and all under a proceeding which complied with the terms of the statute. The will of the electors as expressed at the polls should be upheld.

The motion for resubmission, therefore, is denied, without costs.

*Motion denied, without costs.*