In the Matter of the Application of WILLIAM H. PETERS, Appellant, for the Resubmission to the Electors of the Town of New Hartford of the Questions of Local Option under the Liquor Tax Law, *v.* HERBERT S. SISSON, as State Commissioner of Excise, Respondent.

Fourth Department, May 1, 1918.

**Election Law — submission of question of local option — duty of giving public notice imposed on county clerk — notice given by town clerk ineffective — resubmission of question ordered.**

The provisions of the Election Law relating to the submission to the electors of a town of the question of local option cast upon the county clerk the duty of giving the public notice of the impending submission.

Hence, where the county clerk did not perform said duty, and the notices were published by the town clerk acting upon his own initiative, there was not a valid submission, and a resubmission of the question will be ordered.

The provisions of the statute aforesaid are mandatory and may not be disregarded.

APPEAL by the petitioner, William H. Peters, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 25th day of January, 1918, denying his application herein, the questions which he desired to have resubmitted having been already submitted to and voted upon by the electors of the town of New Hartford at the biennial town meeting held in conjunction with the general election on November 6, 1917.

*Fred F. Scanlan* [*Southworth & Scanlan,* attorneys], for the appellant.

*Porter L. Merriman* [*Harry D. Sanders,* attorney], for the respondent.

MERRELL, J.:

The applicant, a hotelkeeper of the town of New Hartford, Oneida county, N. Y., seeks a resubmission to the electors of said town of the four local option questions under section 13 of the Liquor Tax Law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], as amd. by Laws of 1910, chap. 485), claiming that said questions were improperly submitted at the biennial town meeting held in said town in conjunction with the general election on November 6, 1917, in that there was no legal notice of such submission posted and published as required by law. There is no dispute as to the facts, the sole question presented being as to the legality of the procedure adopted. The election resulted in a negative vote upon all of the questions submitted, save the third, which was carried in the affirmative.

Leading up to the submission of said questions to the electors of said town at the last general election a petition in due form was filed with the town clerk asking for the submission of said questions at such election. Said town clerk

thereupon duly filed with the county clerk of Oneida county a certified copy of such petition, but the last-named official took no action thereon, and gave no notice, either by publication or posting, of the impending submission. The town clerk with whom the petition was filed, acting upon his own initiative, procured from a printer and posted in a large number of public places in said town notices signed by himself as town clerk to the effect that all of said local option questions would be submitted to be voted upon by the electors of said town at said town meeting, and in due time, prior to said election, caused like notices signed by said town clerk to be published in the Utica *Daily Press* and in the Utica *Observer*, two newspapers in which a notice of such submission might properly be published. The appellant insists that the town clerk was not the proper officer to post and publish such notices, and that under the statute the county clerk was charged with the performance of such duty.

A misapprehension seems to have arisen by reason of the fact that while the Election Law (Consol. Laws, chap. 17 [Laws of 1909, chap. 22], §§ 202-205, as added by Laws of 1911, chap. 649; Id. § 209a, as added by Laws of 1916, chap. 454) clearly charges the custodian of primary records, which in Oneida county is the county clerk, with the duty of publishing, advertising and posting all notices required by law, the provision relative to the town clerk giving notice still remains in the Liquor Tax Law. However, such provision was superseded by the provisions of the Election Law above mentioned. Upon the hearing of this motion it seems to have been substantially agreed by the parties that it was the duty of the county clerk of Oneida county under the statute to post and publish notices to the electors of the town of New Hartford of the submission of the various local option questions, and that the town clerk of said town was not charged with the duty of such posting and publication.

Undoubtedly such was the law. The county clerk should have given the notice but failed to act. The town clerk was without authority to post and publish the required notice. (*Matter of Town of Onondaga* [*Local Option*], 163 App. Div. 191.) Notwithstanding the conceded irregularity in the posting and publication of these notices the learned justice at Special Term held,

we think, erroneously, that such posting and publishing by the town clerk was sufficient. (102 Misc. Rep. 465.) The learned justice seems to have been impressed that the notice given was as wide-spread and complete, so far as apprising the electors of the questions to be voted upon, as though made by the county clerk. Perhaps this may be so, but the difficulty is that the notice was not given by a legally authorized officer. As well might it be argued that the giving of such notice by an assessor or other officer of a town or by an individual would suffice. Again, means might be devised whereby through other forms of advertisement greater actual publicity might be secured than that provided by the statute, and still the notice would not be good, as it would not be the notice provided by the statute. It is not a question of the giving of actual notice to the electors, but of legal notice under the statute.

We think the statute is mandatory, and cannot be disregarded. (*Matter of Powers*, 34 Misc. Rep. 636; *Matter of Town of La Fayette*, 105 App. Div. 25.)

The order appealed from should be reversed and an order made resubmitting said local option questions to the electors of said town at a special town meeting called for such purpose.

All concurred; DE ANGELIS, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion granted directing a resubmission of the local option questions.