Supreme Court, July, 1918.    [Vol. 104.

Matter of the Application of IRVING C. H. COOK, THOMAS CLOSE and JOHN SEARLES, for the Resubmission to the Qualified Electors of the Town of Byron in the County of Genesee, New York, of the Local Option Questions under Section 13 of the Liquor Tax Law.

HERBERT SISSON, State Commissioner of Excise; JOHN LYNCH and JOSEPH FENZELL, Intervening Taxpayers.

(Supreme Court, Erie Special Term, July, 1918.)

Liquor Tax Law — when resubmission of questions under, denied — duties of town clerks — elections.

> There being no commissioner of elections in the county of Genesee, the duty of posting and publishing the notices preliminary to the submission of the four excise questions specified in section 13 of the Liquor Tax Law rests upon the town clerk, and the petition of certain taxpayers of the town of Byron, in said county, for an order directing the resubmission of said questions which had been originally submitted on November 6, 1917, at the general election with which the town meeting was merged, on the ground that the posting and the publishing of notices were made or procured to be made by the town clerk and by him only, will be denied.

PETITION by certain taxpayers for an order directing the resubmission of the four excise questions specified in section 13 of the Liquor Tax Law to the electors of the town of Byron.

Salisbury & Agate, for petitioners.

William H. Coon, for intervening taxpayers.

Harry D. Sanders, for Herbert Sisson, State Commissioner of Excise.

BISSELL, J. This is a petition of certain taxpayers of the town of Byron in the county of Genesee, for an order directing the resubmission of the four excise questions specified in section 13 of the Liquor Tax Law to the electors of the said town.

The questions were originally submitted on November 6, 1917, at the general election, with which the town meeting was merged.

The petitioners represent the " dry " sentiment in the town and the intervenors, John Lynch and Joseph Fenzell, are hotel keepers and the only holders of liquor tax certificates in the town of Byron.

It appears that, according to the returns, the electors favored the sale of liquor by hotel keepers by a majority of one vote. The first two questions, concerning the sale of liquor to be drunk on the premises where sold, and the sale of liquor not to be drunk on the premises where sold, respectively, were answered in the negative by a more substantial majority.

The petitioners claim that the posting and the publishing of the notices of submission of the above questions to the voters were irregular and illegal and therefore wholly void. It is without dispute that the notices and the posting and publishing of the notices were made or procured to be made and signed by the town clerk of the town of Byron and by him only. No question is raised as to any point in connection with the posting and publishing of the notices, except that these acts were not performed by the officer or officers authorized by law to perform them. It is the contention of the petitioners that the notices should have been posted and published by the commissioners of elections of the county of Genesee.

Prior to the enactment of chapter 649 of the Laws of 1911 (Election Law) Genesee county was one of those counties in which there was no office of commissioner

of elections. Until that time authority to post and publish the notices preliminary to the submission of the above excise questions was vested in the town clerks of the various towns by section 13 of the Liquor Tax Law, at least in those counties which did not have a commissioner of elections. Mr. Justice Foote, in *Matter of Town of Onondaga,* 163 App. Div. 191–193, says: "By chapters 649 and 740 of the Laws of 1911 the Election Law was amended so as to create for each county in the State a board of elections. Prior to that time the office of commissioner of elections existed in only a few of the larger counties, so that the provisions of the Liquor Tax Law requiring the town clerk to give notices *were operative in all the counties of the State, at least where there was no commissioner of elections.*"

It being determined that the town clerk was authorized to post and publish the notices prior to the enactment of 1911, the question remains whether these acts divested him of that authority. In my opinion they did not.

Section 206 of the Election Law reads in part as follows: "And the said board of elections in any such county shall continue to be charged with the duty of performing each, every and all of the duties of the county clerk or commissioner of elections of said county, relating to elections heretofore devolved upon such board by the former provisions of this section," etc.

It appears, however, that there was no commissioner of elections in the county of Genesee, and the duty of posting and publishing the notices, with which we are concerned, rested therefore upon the town clerk and not upon the county clerk.

Section 205 of the Election Law provides: "All notices of elections *to which this chapter applies* which

are required by law to be published, advertised or posted in any county or any political subdivision thereof or therein shall be published, advertised or posted by the custodian of primary records of said county," etc.

I do not think it can be denied from a fair construction of these sections, that the duties of the town clerk above referred to were transferred to the newly created board of elections.

The duty of posting the notices was not laid upon the county clerk in the county of Genesee, but upon the town clerk, and I know of nothing in the statute, although I have searched it somewhat carefully, to show that this act " applies " to these excise questions which are purely local and town questions.

In the Onondaga case, above referred to, Mr. Justice Foote decided that the duty of giving these notices was taken away from the town clerk and vested in the board of elections, but Mr. Justice Foote in that case was construing a statute having special application to the county of Onondaga, formerly section 253 of the Election Law, now repealed.

That stattue provided: " The Commissioner shall have and exercise all of the jurisdiction, power and authority conferred and be subject to all of the duties and obligations imposed by statute upon all officers of the county and its political subdivisions with respect to general, special and primary elections and submission of questions or propositions held within such county and its political subdivisions, other than in villages and school districts," etc. Here the language of the statute with stated exceptions clearly and specifically transfers to the commissioner of elections the duties and obligations of *all* officers of the county with respect to general, special and primary elections and *submission of questions or propositions.* Such is

not the case, however, in the matter here under consideration.

The language of the general statute which governs Genesee county charges the board of elections with the duties of the county clerk or commissioner of elections relating to elections, and as has been said before the duty of posting these notices did not rest upon either of those officers in the county of Genesee.

Section 205 places the duty of giving notices of elections " to which this chapter applies " upon the custodian of primary records, which in Genesee county is the board of elections; but in my opinion there is nothing to show that this chapter has application to the submission of these local option questions by implication or express provision.

In *Matter of Peters* v. *Sisson,* 183 App. Div. 286, upon which the petitioners confidently rely, it was conceded that it was the duty of the county clerk to give the notices of excise questions. The point upon which I am deciding this case was therefore not presented there.

The further contention of the petitioners is that certain void ballots were canvassed and returned as valid by the inspectors of elections and further that more votes were canvassed and returned upon each question than there were ballots cast therein. As to the first proposition, it is conceded that the ballot claimed to be void was not objected to or protested in accordance with section 369 of the Election Law.

Petitioners contend that inasmuch as they were not members of any recognized political party there was no means or authority for them to provide watchers at the canvass of the votes. This may be a very sound objection, but it is one that should be directed to the legislature rather than this court.

As to the other point, it appears from the affidavits submitted that the error complained of was a clerical mistake which did not affect the determination. I think that matter is satisfactorily explained by the affidavits submitted.

It follows from these considerations that application of petitioners for an order directing a resubmission of the four excise questions to the electors of the town of Byron must be denied. Application denied, with ten dollars costs.

Application denied, with costs.